IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FULMER COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-1158 |
| | ) |
| CUTSFORTH PRODUCTS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                April *16*, 2008

This is a dispute between two competing manufacturers. Plaintiff, Fulmer Company, alleges that defendant, Cutsforth Products, Inc., disparaged plaintiff's product to a customer, causing the customer to cancel its substantial order with plaintiff. Plaintiff alleges claims of tortious interference with contractual relations, commercial disparagement, and defamation. [Doc. No. 1]. Plaintiff seeks monetary damages.

Defendant has filed a motion to dismiss for lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). [Doc. No. 14]. Defendant argues that this court lacks personal jurisdiction over plaintiff's claims because defendant does not have minimum contacts with Pennsylvania. Alternatively, defendant asks the court to transfer the case to the United States Court for the District of Minnesota pursuant to 28 U.S.C. § 1404(a). [Doc. No. 14]. For the

reasons set forth below, the motion to dismiss will be denied and the motion for transfer of venue pursuant to 28 U.S.C. § 1404(a) will be denied. As this court lacks personal jurisdiction over defendant, the case will be transferred pursuant to 28 U.S.C. § 1406(a).

I.  BACKGROUND

The pertinent facts are as follows.

Plaintiff is a Pennsylvania corporation that produces "brush holders," which are key components of electric power generators and motors. Defendant, also a producer of brush holders, is a Minnesota corporation with no offices, facilities, employees, bank accounts, telephone numbers, or post box offices in Pennsylvania.

In August and September of 2006 and in January of 2007, plaintiff negotiated with Florida Power and Light Company ("FP&L") for the sale of brush holders. FL&P is located in South Palm Beach, Florida. On January 22, 2007, FL&P placed a $102,980 order with plaintiff for brush holders, with future orders negotiated and contemplated worth an additional $700,000.

According to the complaint, defendant contacted FL&P on January 16, 2007 and stated that plaintiff's brush holders infringed defendant's patents. On January 31, 2007, defendant filed a complaint against plaintiff in the United States Court for

the District of Minnesota alleging that plaintiff had infringed defendant's patents. Defendant then sent a copy of the complaint to FL&P. FL&P then notified plaintiff of the complaint. On February 2, 2007, FL&P advised plaintiff that it wished to cancel its order for the brush holders. Subsequently, FL&P placed an order with defendant for the brush holders.

Defendant voluntarily dismissed the Minnesota lawsuit on August 2, 2007, once plaintiff's deal with FL&P was irrevocably lost to defendant. According to plaintiff, defendant intentionally delayed the resolution of the Minnesota lawsuit to prevent plaintiff from completing a sale with FL&P. On August 23, 2007, plaintiff filed this suit alleging that defendant caused it to lose FL&P's order and its future business.

II. STANDARD OF REVIEW

When a defendant challenges the propriety of the court's personal jurisdiction, the burden is on plaintiff to establish that personal jurisdiction exists. Marten v. Goodwin, 499 F.3d 290, 295-96 (3d Cir. 2007) (citing Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001)). Plaintiff meets its burden and presents a prima facie case for the exercise of personal jurisdiction by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." Mellon Bank (East) PSFS, Nat'l Assoc. v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992).

(internal quotation marks and citations omitted).

In ascertaining whether plaintiff has established a prima facie case upon a motion to dismiss, the court "must accept all the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992). To defeat a motion to dismiss, plaintiff must go beyond the pleadings and produce affirmative proof of the necessary facts. See Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984) (plaintiff sustains its burden of proof through sworn affidavits or other competent evidence).

## III. DISCUSSION

The Pennsylvania long arm statute permits the courts of that state to exercise personal jurisdiction over nonresident defendants to the constitutional limits of the due process clause of the Fourteenth Amendment. See Nissley v. JLG Indus., Inc., 452 A.2d 865, 866 (Pa. Super. Ct. 1982). The statute provides for both general and specific personal jurisdiction. See Mellon, 960 F.2d at 1221 ("The Pennsylvania statute permits the courts . . . to exercise personal jurisdiction over nonresident defendants to the constitutional limits of the due process clause of the fourteenth amendment.") Plaintiff does not contend that this court has general jurisdiction over defendant. Accordingly, only specific

4

personal jurisdiction will be examined. See Marten, 499 F.3d at 296.

Plaintiff does not argue that defendant's contacts with Pennsylvania satisfy the traditional analysis for specific jurisdiction. Instead, plaintiff relies on the "effects test," established in Calder v. Jones, 465 U.S. 783, 789 (1984), to establish jurisdiction over defendant. [Doc. No. 29 at 1, 7]. The Court of Appeals for the Third Circuit has determined that Calder allows a plaintiff to demonstrate personal jurisdiction if it shows:

> (1) the defendant committed an intentional tort;
>
> (2) the plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort;
>
> (3) the defendant expressly aimed its tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.

Marten, 499 F.3d at 297 (citing IMO Indus. v. Kiekart AG, 155 F.3d 254, 265-66 (3d Cir. 1998)). The court only needs to consider the first two elements if the third, "expressly aimed" element is met. Id. "To establish that the defendant 'expressly aimed' [its] conduct, the plaintiff has to demonstrate the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and point to specific activity indicating that the defendant expressly aimed its tortious conduct

5

at the forum." Id. at 298 (internal quotations omitted).

The Third Circuit has made clear that while the plaintiff's residence is relevant, it does not create jurisdiction over a nonresident defendant. See Marten, 499 F.3d at 298. Personal jurisdiction is not established merely because plaintiff resides in Pennsylvania and, therefore, suffered harm here; finding jurisdiction on that basis, alone, would render the requirements of personal jurisdiction illusory as every plaintiff suffers harm in the state where he or she resides. The plaintiff's residence confers jurisdiction when it is the focus of the activities of the defendant out of which the suit arises. Id. (internal citations and quotations omitted). If the plaintiff fails to show that the defendant manifested behavior intentionally targeted at and focused on the forum, the plaintiff fails to establish jurisdiction under the effects test. Id. (internal quotations and citations omitted).

Here, while plaintiff has felt the brunt of the harm in Pennsylvania, there are no facts demonstrating that defendant committed any acts targeted at Pennsylvania. Defendant's alleged communications with FL&P, which lie at the heart of plaintiff's claims, did not take place in Pennsylvania. Defendant's lawsuit against plaintiff, which plaintiff claims was purposefully delayed in order to prevent any business between plaintiff and FL&P, was litigated in Minnesota. Because plaintiff has not established that defendant expressly aimed its conduct at Pennsylvania, this court

6

lacks personal jurisdiction over defendant.

Although the court has determined that it lacks personal jurisdiction over defendant, that does not mean that the court must dismiss the claim. As an alternative to dismissal, the court may transfer the action to the district court that has personal jurisdiction over the defendant. 28 U.S.C. § 1406(a); see Lafferty v. St. Riel, 495 F.3d 72, 77 (3d Cir. 2007). Defendant's principal place of business is in Cohasset, Minnesota, which sits in the United States District Court for the District of Minnesota, the same court where defendant allegedly prolonged it's baseless lawsuit against plaintiff. After considering the interests of justice and convenience of the parties and witnesses, the court finds that transfer to the United States District Court for the District of Minnesota is proper.

Defendant, however, requests that this case be transferred pursuant to 28 U.S.C. § 1404(a). "Section 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in the correct forum." Lafferty, 495 F.3d at 76. As this court has determined that it lacks jurisdiction, defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) must be denied. As stated above, the case will be transferred pursuant to Section 1406(a), which permits the courts to transfer cases involving defendants over whom they lack personal

7

jurisdiction.  <u>Id</u>. at 82 fn. 13 (citing <u>Goldlwar, Inc. v. Heiman</u>, 369 U.S. 463 (1962).  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FULMER COMPANY,                )
                               )
         Plaintiff,            )
                               )
    v.                         )   Civil Action No. 07-1158
                               )
CUTSFORTH PRODUCTS, INC.,      )
                               )
         Defendant.            )
                               )

### ORDER

AND NOW, this 16th day of April, 2008, upon consideration of defendant's motion to dismiss or, in the alternative, to transfer [Doc. No. 14], the motion is DENIED.

IT IS FURTHER ORDERED THAT the case will be transferred to the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. § 1406(a), forthwith.

BY THE COURT:

/s/ [signature], J.